# WALTER MICKENS, JR.

## V.

# COMMONWEALTH OF VIRGINIA

Record Nos. 931646 and 931647

April 21, 1995

Present: All the Justices

*Bryan L. Saunders (Warren F. Keeling*, on briefs), for appellant.

*John H. McLees, Jr., Asst. Atty. Gen. (James S. Gilmore, III, Attorney General*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

Walter Mickens, Jr., was convicted of the capital murder of Timothy Jason Hall, *i.e.*, the willful, deliberate, and premeditated killing of Hall in the commission of, or subsequent to, attempted

forcible sodomy, in violation of Code § 18.2-31(5). In the penalty phase of a bifurcated trial, the jury fixed Mickens' punishment at death, based upon findings beyond a reasonable doubt of both the "vileness" and the "future dangerousness" predicates. Code § 19.2-264.2. Following a sentencing hearing, the trial court sentenced Mickens in accordance with the jury's verdict. We affirmed the trial court's judgment and the death sentence. *Mickens* v. *Commonwealth*, 247 Va. 395, 442 S.E.2d 678 (1994).

Mickens petitioned the Supreme Court for a writ of certiorari, and, on October 11, 1994, in a summary disposition, the Supreme Court granted certiorari, vacated the judgment, and remanded the case to this Court "for further consideration in light of *Simmons* v. *South Carolina*, 512 U.S. ___, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994)." *Mickens* v.. *Virginia*, 513 U.S. ___, 115 S.Ct. 307 (1994). By order entered December 1, 1994, we placed this case on our March 1995 docket with directions for briefing and argument.

█ In *Simmons*, the Supreme Court held that, when "future dangerousness" is at issue in the sentencing phase of a capital murder case, the jury is entitled to be informed of the defendant's parole *ineligibility*. 512 U.S. at ___, 114 S.Ct. at 2189. Code § 53.1-151(B1) prescribes the test for determining whether a defendant is ineligible for parole:

> Any person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole.

In a pretrial motion, Mickens contended that Virginia's rule barring evidence about a defendant's parole eligibility "prevents the jury from giving full consideration to all mitigating factors." Mickens represented to the trial court that he would not have been eligible for parole if he were convicted of capital murder, and he claimed that the rule violated his federal and state constitutional rights.* The trial court rejected this contention, and we affirmed that ruling. *Mickens*, 247 Va. at 404-05, 442 S.E.2d at

---

* Mickens claims that he is ineligible for parole because, in addition to his capital murder conviction, he was convicted on June 3, 1974, of robbery by the presenting of a deadly

685. At the time of Mickens' pretrial motion, *Simmons* had not been decided.

Mickens asserts that the trial court's ruling prevented him from presenting his parole ineligibility to the jury, thereby depriving the jury from considering "a truly mitigating factor." He contends that the holding in *Simmons* invalidates his death sentence and requires that we either impose a life sentence or remand the case for resentencing.

■ We conclude that the holding in *Simmons* requires a remand of the case for resentencing. "Future dangerousness" was an issue in the sentencing phase of the capital murder trial; therefore, the jury was entitled to be informed of Mickens' parole ineligibility.

Accordingly, we will remand the case to the trial court for a new sentencing hearing.

*Remanded for sentencing hearing.*

weapon (a knife) and on February 4, 1980, of another robbery by the presenting of a deadly weapon (a knife).