COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


MARVIN LAYER MOSBY
                                            OPINION BY
v.         Record No. 1505-95-2    JUDGE SAM W. COLEMAN III
                                            MARCH 4, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Walter W. Stout, III, Judge

            Cullen D. Seltzer, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            briefs), for appellant.

            Robert H. Anderson, III, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General; Monica S. McElyea, Assistant
            Attorney General, on brief), for appellee.


        The defendant, Marvin Mosby, was convicted by a jury of

first degree murder and use of a firearm in the commission of

murder.  At the sentencing phase of the bifurcated trial, the

jury recommended a forty-three year sentence, which the judge

imposed.  On appeal, the issue is whether, in a noncapital felony

prosecution, the judge is required to instruct the jury during

the sentencing phase of the bifurcated trial that a defendant is

ineligible for parole.  We hold that in noncapital felony cases a

trial judge is not required to instruct the jury that the

defendant, if convicted, will be ineligible for parole.  We

further hold that no instruction need be given even if the

Commonwealth argues, as it may have done in this case, for a

lengthy sentence because the appellant poses a future danger to

society.  Therefore, we affirm the convictions.

Appellant was charged and convicted of having committed murder on January 2, 1995.  Pursuant to Code § 53.1-165.1, an accused convicted of a felony committed after January 1, 1995 is ineligible for parole.[1]  At the sentencing phase, the appellant proffered the following jury instruction:  "In arriving at your sentence, you are permitted to consider that Virginia has abolished parole."  The appellant relied upon the United States Supreme Court's holding and rationale in Simmons v. South Carolina, 512 U.S. 154 (1994) (plurality opinion), as the basis for requesting the instruction.  In Simmons, the Court held that, in capital murder cases where the only sentencing options are death or life imprisonment without parole and where the State argues for capital punishment to preclude the defendant posing a future danger to society, due process requires that the jury be told the life sentence would not include the possibility of parole.  Id. at 161-62.

The Commonwealth objected to appellant's proposed instruction and pointed out that Virginia has never allowed

_____

[1] Code § 53.1-165.1. -- Limitation on the application of parole statutes.  The provisions of this article, except §§ 53.1-160 and 53.1-160.1, shall not apply to any sentence imposed or to any prisoner incarcerated upon a conviction for a felony offense committed on or after January 1, 1995.  Any person sentenced to a term of incarceration for a felony offense committed on or after January 1, 1995, shall not be eligible for parole upon that offense.

juries to consider parole status when determining sentence.  The Commonwealth argued that the holding in <u>Simmons</u> is limited to capital cases.  The trial judge ruled that <u>Simmons</u> did not apply and refused to instruct the jury on the subject.

During the Commonwealth's argument to the jury on sentencing, the Commonwealth's attorney said:When you sentence Marvin Mosby you send a message to him, and what I'm going to ask you to do on behalf of the Commonwealth is to send him a message that tells him what the value of human life is.  I'm going to ask you to send him a message that reflects the bravery of a young mother who would come forward and testify against someone she knows or for someone she never met and I'm going to ask you to sentence him in a way that tells him how you feel about gunning someone down and assuming that no one who saw it will tell.  With your sentence you can send Marvin Mosby a message about how you feel about doing that and then doing everything you can to perpetrate that fear that makes all those people that were out there according to the witnesses not say what they saw.[2]

---

[2] For purposes of this opinion, we accept the defendant's characterization of the argument as being for a sentence that would reduce the defendant's future dangerousness to society.  We do not, however, find that the Commonwealth's attorney specifically argued for a lengthy sentence that would remove the appellant as a future danger to society.  Although consideration of a defendant's potential for future criminal conduct may implicitly play a role in every sentencing determination, <u>see</u> <u>Jurek v. Texas</u>, 428 U.S. 262, 275 (1976) (plurality opinion), the only expressed arguments by the Commonwealth's attorney are for a sentence that will punish the accused for the taking of a human life and that takes into account that the murder was frightening and intimidating to the witnesses.

After deliberating on the sentence for seven minutes, the jury returned with the following question: "[W]e were unclear as to the status of parole in the State of Virginia and [would] like an answer to that." The trial judge responded to the question by stating, "the status of the law is that at this time the legislature has set a range [of punishment] that you are to consider, that range has been given to you in your instructions and what happens after that is set by other [parameters] that are not to concern you. . . ." After further deliberation, the jury returned with a sentence recommendation of forty years on the first degree murder charge and three years on the charge of using a firearm in the commission of a murder.

In Simmons, the defendant was convicted of capital murder and sentenced to death. 512 U.S. at 157. Under South Carolina law, the only sentencing choices available to the jury were death or life in prison without the possibility of parole. Id. at 158. During the penalty phase of the trial, the prosecution argued to the jury that the defendant should be sentenced to death because otherwise he would pose a future danger to society. Id. at 157. Future dangerousness of a defendant convicted of murder is one of several predicates that must exist before a murderer may be sentenced to death. Id. at 162; see also California v. Ramos, 463 U.S. 992, 1003 n.17 (1983). The defendant in Simmons requested that the jury be informed he was ineligible for parole in order to rebut the prosecution's argument of future

dangerousness.  However, the trial judge refused to tell the jury that life imprisonment in Simmons' case meant life without parole.  Simmons, 512 U.S. at 160.  The jury asked the judge during deliberations whether the imposition of a life sentence carried with it the possibility of parole.  In response to the question, the judge instructed the jury that they were not to consider parole in reaching a decision.  Id.

The Supreme Court held in Simmons that South Carolina violated the defendant's due process rights when it sought a death sentence based on a claim that the defendant would be a future danger to society while, at the same time, arguing that the jury was not entitled to know that a life sentence excluded the possibility of parole, which ostensibly would eliminate the defendant as a threat to society.  "The Due Process Clause does not allow the execution of a person 'on the basis of information which he had no opportunity to deny or explain.'"  Id. at 161 (quoting Gardner v. Florida, 430 U.S. 349, 362 (1977)); see also id. at 178 (O'Connor, J., concurring) ("Where the State puts the defendant's future dangerousness in issue, and the only available alternative sentence to death is life imprisonment without possibility of parole, due process entitles the defendant to inform the capital sentencing jury . . . that he is parole ineligible.").

The appellant argues that the rationale which the Court applied in Simmons supported an instruction on parole

ineligibility in this case where a controlling factor in determining the length of sentence was the appellant's future dangerousness. We reject the appellant's invitation to adopt the Simmons rationale as a basis for requiring trial judges in noncapital felony prosecutions to inform juries that a defendant is not entitled to parole, even in those instances where the Commonwealth expressly argues that the defendant poses a threat to society and requests a lengthy sentence. As a general proposition, states have the right to determine what trial courts must tell juries about sentencing and parole. Id. at 168. In Simmons, the Supreme Court explained:

> In a State in which parole is available, how the jury's knowledge of parole availability will affect the decision whether or not to impose the death penalty is speculative, and we shall not lightly second-guess a decision whether or not to inform a jury of information regarding parole. States reasonably may conclude that truthful information regarding the availability of commutation, pardon, and the like, should be kept from the jury in order to provide "greater protection in [the States'] criminal justice system than the Federal Constitution requires."

Id. (quoting California v. Ramos, 463 U.S. 992, 1014 (1983)); see also id. at 176-77 (O'Connor, J., concurring). In Virginia, juries generally are permitted to fix the recommended sentence based solely on the nature of the crime and the circumstances surrounding it. Information concerning the status of a defendant's eligibility for parole has traditionally and consistently been withheld from juries in both capital and

- 6 -

noncapital criminal cases. Although juries in Virginia may now consider a defendant's prior criminal record in bifurcated trials, "Virginia is committed to the proposition that the trial court should not inform the jury that its sentence, once imposed and confirmed, may be set aside or reduced by some other arm of the State." Hinton v. Commonwealth, 219 Va. 492, 495, 247 S.E.2d 704, 706 (1978); see also Eaton v. Commonwealth, 240 Va. 236, 248-49, 397 S.E.2d 385, 392-93 (1990), cert. denied, 502 U.S. 824 (1991); Williams v. Commonwealth, 234 Va. 168, 178-80, 360 S.E.2d 361, 367-68 (1987), cert. denied, 484 U.S. 1020 (1988).

The Simmons decision clearly requires that juries in Virginia must be informed of parole ineligibility when the Commonwealth argues future dangerousness in capital cases. See Mickens v. Commonwealth, 249 Va. 423, 457 S.E.2d 9 (1995). However, Simmons imposes no such requirement in noncapital cases. As the Court in Simmons pointed out, in a capital case where the only sentencing choice is death or life imprisonment without parole, a false choice of sentencing options is given to the jury if they are not told that life imprisonment means a life sentence without the possibility of parole. See Simmons, 512 U.S. at 161. Appellant's case was not a capital case. No false choice was presented here because the jury was instructed on a range of incarceration, from twenty years to life, that could be imposed. Therefore, Simmons does not apply.

Because Simmons does not apply to this case, the established

Virginia law controls; a trial judge is not required to instruct juries on the status of a defendant's eligibility for parole. See Hinton, 219 Va. at 495, 247 S.E.2d at 706. Appellant argues, nevertheless, that recent legislative changes in the law reflect a shift in Virginia's former policy which should require that juries now be told of a convicted felon's ineligibility for parole. He argues that the abolition of parole, the revisions to the Virginia Sentencing Guidelines, and the bifurcation of jury trials are measures which were designed to provide sentencing juries with as much relevant sentencing information as possible. Thus, because these changes have increased the amount of information to which jurors are entitled, the appellant contends that the jurors in his case should have been told that he was ineligible for parole.

The appellant urges this Court to construe Code § 19.2-295.1, which provides for bifurcated jury sentencing and the admissibility of the defendant's record of prior criminal convictions, to also require that the sentencing jury be informed about parole ineligibility. Code § 19.2-295.1 allows the Commonwealth to present evidence of the defendant's prior criminal convictions, which includes the conviction orders that show length of prior sentences, Gilliam v. Commonwealth, 21 Va. App. 519, 524, 465 S.E.2d 592, 594-95 (1996), and convictions a defendant receives after the date of the offense for which the defendant is on trial, Bunn v. Commonwealth, 21 Va. App. 593,

- 8 -

598, 466 S.E.2d 744, 747 (1996).[3]  Furthermore, under Code
§ 19.2-295.1 a defendant is allowed to introduce mitigating
evidence even if the Commonwealth introduces no evidence of prior
convictions, <u>Pierce v. Commonwealth</u>, 21 Va. App. 581, 466 S.E.2d
130 (1996).  Based on the effect of the changes brought by the
enactment of Code § 19.2-295.1, appellant argues that a jury
should be told that the defendant will have to serve the entire
sentence, particularly where, as here, the jury inquires about
parole eligibility or where it may be apparent from prior
conviction orders that prior sentences have not been fully
served.  He contends that a jury that is fully informed about a
defendant's criminal history and other relevant information as
permitted by Code § 19.2-295.1 cannot make a reasoned and
intelligent sentencing decision unless it is informed as to the
true nature of the sentence it is imposing.  However, Code
§ 19.2-295.1 contains no provision requiring that the jury be
told of a defendant's parole ineligibility, and we are not at
liberty to create one where it does not exist.  See <u>King v.
Commonwealth</u>, 6 Va. App. 351, 355, 368 S.E.2d 704, 706 (1988).

The post-sentencing factors or occurrences that may affect
the amount of sentence that a convict ultimately serves, whether

---

[3] Although decided after oral argument in this case, <u>Folson
v. Commonwealth</u>, 23 Va. App. 521, 478 S.E.2d 316 (1996), also
supports the appellant's argument.  In <u>Folson</u>, we held that the
"record of conviction" includes not only the conviction orders,
but also other relevant evidence, such as the indictments for the
prior convictions.

they be good time credits, penalties for institutional infractions, or parole eligibility or ineligibility, are traditionally not factors that juries in Virginia have been permitted to consider in determining sentence. While the appellant's policy argument and reliance upon the enactment of Code § 19.2-295.1 have appeal, barring a constitutional mandate that a sentencing jury be told of parole ineligibility as existed in Simmons, any change in the current law must come from the General Assembly or the Virginia Supreme Court.

Accordingly, we hold that the trial court did not err by refusing to instruct the jury on the status of parole in Virginia, and we affirm the appellant's convictions.

Affirmed.