COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


GEORGE ROBERT NEWBY, JR.

v.    Record No. 2473-95-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
JULY 1, 1997

        FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                Herbert C. Gill, Jr., Judge

        John B. Boatwright, III (Boatwright & Linka,
        on briefs), for appellant.

        Richard B. Smith, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


    A jury convicted George Robert Newby of rape, forcible

sodomy, and animate object sexual penetration.  See Code

§§ 18.2-61, 18.2-67.1, and 18.2-67.2.  On appeal, Newby argues

that the trial judge erred in (1) denying Newby's motion to

strike the evidence on the charge of forcible sodomy, (2) denying

Newby's motion for a mistrial, and (3) refusing to inform the

jury, in response to a question posed by the jury, that any

sentence imposed would not be subject to parole.  For the reasons

that follow, we affirm the convictions.

                              I.

    At trial, the victim testified that on the first night that

she began working as a waitress and bartender at Crossflite

---

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

Restaurant, Newby, a customer, was drinking beer and playing pool. During the course of the evening, he conversed with the victim about her family and he made several comments about her appearance. At closing time when another female employee asked customers to leave, Newby and two other customers were still in the bar. After Newby and the other customers left, the victim and the other employee began cleaning and closing the bar. When the other employee had difficulty locking the front door, she opened the door and was startled to find Newby leaning against the wall outside. Newby offered to help and reentered the restaurant. When the two female employees finished cleaning, Newby was still present. Newby walked the victim to her car and asked for a ride home.

The victim agreed and drove following Newby's directions. When she entered the driveway on a nearby street, Newby "brought his [left] arm . . . around [her] neck." As she tried to pull away, Newby tightened his grip, threatened to kill her, and put a sharp blade across her nose. Newby then pushed her out of the car and into the woods. Newby made her undress, threw her clothing into a ditch, and then "put his penis in [her] vagina." The victim testified that because she "was very dry and unlubricated," Newby removed his penis from her and "put his mouth on [her] vaginal area and . . . drooled." The victim further specified that Newby's mouth "was on [her] vulva area."

After these events, Newby stood up, pulled his pants up, and

threw the victim's jeans to her.  Newby told her that if she told anybody he would kill her and her children.  After the victim repeatedly assured Newby that she would not tell anyone, Newby stated, "This isn't the first time that I raped and you better not be the first one to tell."

When Newby told the victim that she could leave, she started her car and drove into a ditch.  Newby went to the car and began to push the car out of the ditch.  When they could not move the car, Newby left, and the victim walked to a gas station.  She called one of her female friends and told her that she had been raped.  When her friend arrived, a police officer was with her.  The officer called an ambulance to take the victim to the hospital.

At the conclusion of the Commonwealth's case-in-chief, the trial judge denied Newby's motion to strike the Commonwealth's evidence on the charge of forcible sodomy.  Newby then testified that the victim offered him a ride home on her own initiative, stopped the car, walked with him to a ravine area, and voluntarily engaged in mutual kissing and fondling.  Newby testified that they engaged in consensual sexual intercourse.  He further testified that while doing so he "did lick [her] vaginal area and [he] did penetrate her with his [penis] and have sex, but at no time did she say, 'No,' did she say, 'stop,' or anything."

On cross-examination, the Commonwealth's attorney asked

Newby, "[Y]ou have, in fact, categorized yourself to other people as a rapist, is that correct?"  Before Newby responded, his attorney objected and requested a mistrial.  After hearing argument, the trial judge overruled the motion for a mistrial and instructed the jury to disregard the question.

At the conclusion of all the evidence, the jury found Newby guilty of rape, animate object sexual penetration, and forcible sodomy.  When the jury was deliberating regarding the proper sentence to impose, the jury asked the judge the following questions:  "Does the no parole law apply here?" and "If not, when will he be eligible for parole?"  Newby's attorney requested the judge to instruct the jury regarding the unavailability of parole.  The trial judge denied that request and told the jury that "[t]he only way that I can answer those questions is . . . that you cannot concern yourself with what may happen afterwards.  You must impose what sentence you feel is just under the circumstances."  The jury imposed a sentence of thirty years for the rape conviction, thirty years for the forcible sodomy conviction, and twenty-five years for the animate object sexual penetration conviction.

## II.

Newby argues that the evidence was insufficient to prove forcible sodomy because the testimony failed to establish penetration of the victim's sexual organs.  We disagree.

"[T]he issue of penetration is a question for the jury upon

the evidence in the case and . . . the penetration that must be shown need be only slight." Ryan v. Commonwealth, 219 Va. 439, 444, 247 S.E.2d 698, 702 (1978). "[P]enetration of any portion of the vulva, which encompasses the 'external parts of the female sex organs considered as a whole' and includes, beginning with the outermost parts, the labia majora, labia minora, hymen, vaginal opening and vagina, is sufficient to show penetration." Love v. Commonwealth, 18 Va. App. 84, 88, 441 S.E.2d 709, 712 (1994) (citation omitted).

"On appeal, we must view the evidence in the light most favorable to the Commonwealth." Id. at 87, 441 S.E.2d at 711. The victim testified that Newby "put his mouth on [her] vaginal area" and "on [her] vulva area." In addition, Newby testified that he "did lick [her] vaginal area." Based on the evidence, the jury could have found that during Newby's protracted assault of the victim and effort to moisten her, his mouth penetrated her vulva. Indeed, the victim testified that his mouth was on her vulva and that she could feel heat emanating from his mouth. We cannot say that this evidence was insufficient, as a matter of law, to prove penetration. See Ryan, 219 Va. at 441-45, 247 S.E.2d at 700-02 (finding the evidence sufficient where the victim testified that the defendant licked her vagina).

III.

Newby argues that the trial judge erred in denying his motion for a mistrial after the Commonwealth's attorney asked

Newby, on cross-examination, whether Newby had "categorized [him]self to other people as a rapist." We disagree.

"Whether to grant a mistrial is a matter resting within the sound discretion of a trial [judge]." Wright v. Commonwealth, 245 Va. 177, 188, 427 S.E.2d 379, 387 (1993), vacated on other grounds, 512 U.S. 1217 (1994).

> Whether improper evidence is so prejudicial as to require a mistrial is a question of fact to be resolved by the trial [judge] in each particular case. Unless this Court can say that the trial [judge's] resolution of that question was wrong as a matter of law, it will not disturb the trial [judge's] decision on appeal. A judgment will not be reversed for the improper admission of evidence that a [judge] subsequently directs a jury to disregard because juries are presumed to follow prompt, explicit, and curative instructions. When the evidence is so prejudicial that it "probably remained on the minds of the jury and influenced their verdict," however, the judgment will be reversed on appeal.

Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993) (citations omitted).

In the argument on the motion for a mistrial, the Commonwealth's attorney represented that Newby had earlier authored a letter in which he described himself as a rapist and made other statements. The trial judge ruled that any testimony about the document was inadmissible on grounds of relevance and remoteness. Under the circumstances of this case, we cannot say that the question was "so prejudicial as to require a mistrial." Id. Significantly, Newby did not answer the question.

-6-

Moreover, the judge immediately gave a curative instruction that admonished the jury "to disregard the . . . question."  Under these circumstances, we hold that the trial judge did not abuse his discretion in concluding that a mistrial was unwarranted.

IV.

Newby next argues that the trial judge erred in refusing to inform the jury, in response to the jury's question, that Newby would be ineligible for parole. We disagree.

A panel of this Court, which was presented with a strikingly similar factual scenario, has already held that a trial judge does not commit error by refusing to inform the jury that the defendant is not eligible for parole. See Mosby v. Commonwealth, 24 Va. App. 284, 482 S.E.2d 72 (1997). We are bound by this ruling and accordingly hold that the trial judge did not commit error on this ground.

Accordingly, we affirm the convictions.

Affirmed.

Benton, J., concurring and dissenting.

I concur in Parts I, II, and III of the majority opinion. For the reasons more particularly stated in my dissenting opinion in <u>Walker v. Commonwealth</u>, __ Va. App. ___, ___, ___ S.E.2d ___, ___ (1997) (Benton, J., dissenting), I do not concur in Part IV.

While deciding the proper sentence to impose upon Newby, the jury asked the trial judge, "Does the no parole law apply here?" and "If not, when will he be eligible for parole?"[1] The jury's effort to determine Newby's parole eligibility conclusively establishes that the issue of parole had an impact on the jury's sentencing decision.

It is error not to instruct the jury when the jury may make findings based upon a mistaken belief of the law. <u>See</u> <u>Martin v. Commonwealth</u>, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977) (per curiam). After the jury asked about parole, the judge knew the jury was unaware that Newby was ineligible for parole. Under these circumstances, I would hold that the trial judge erred in refusing to answer the jury's question. <u>See</u> <u>Walker</u>, ___ Va. App. at ___, ___ S.E.2d at ___ (Benton, J., dissenting) ("The courts should not permit jurors to sentence based upon the erroneous belief that parole release still exists.").

To exacerbate matters, the trial judge responded to the

---

[1] "The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." <u>Morrissey v. Brewer</u>, 408 U.S. 471, 477 (1972).

question by telling the jury, "you cannot concern yourself with what may happen afterwards.  You must impose what sentence you feel is just under the circumstances."  By referring to parole as something that "might happen," the judge implied that parole was, in fact, available.

> It is true, as the State points out, that the trial court admonished the jury that "you are instructed not to consider parole" and that parole "is not a proper issue for your consideration."  Far from ensuring that the jury was not misled, however, this instruction actually suggested that parole <u>was</u> available but that the jury, for some unstated reason, should be blind to this fact. . . . While juries ordinarily are presumed to follow the court's instructions, we have recognized that in some circumstances "the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored."

<u>Simmons v. South Carolina</u>, 512 U.S. 154, 170-71, 114 S. Ct. 2187, 2197 (1994) (plurality opinion) (citations omitted).  The trial judge's response to the jury's question did not aid in alleviating the confusion, and in fact, it may have misled the jury.  Thus, I would hold that the trial judge erred by providing a jury instruction that was misleading.  <u>Cf.</u> <u>Blevins v. Commonwealth</u>, 209 Va. 622, 628, 166 S.E.2d 325, 330 (1969).

I would therefore remand the case for re-sentencing in accordance with Code § 19.2-295.1.