COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Richmond, Virginia


EDWARD HAKSPIEL
                                    MEMORANDUM OPINION[*] BY
v.      Record No. 0662-96-4       JUDGE ROSEMARIE ANNUNZIATA
                                         AUGUST 19, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    J. Howe Brown, Judge

        Dwight F. Jones (Judith M. Barger; Office of
        the Public Defender, on briefs), for
        appellant.

        Eugene Murphy, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.

        Amicus Curiae: Virginia College of Criminal
        Defense Attorneys (Marvin D. Miller, on
        briefs), for appellant.


     Appellant, Edward Hakspiel, was convicted by a jury of

aggravated manslaughter.  During sentencing deliberations, the

jury asked the court, "At what point in his sentence would he be

eligible for parole, i.e., if we sentence him for three years

when would he be eligible?"  In response, the court instructed

the jury, "You should impose such punishment as you feel is just

under the evidence and within the instructions of the Court.  You

are not to concern yourselves with what may happen afterwards."

The jury returned a sentence recommendation of seven years.

Appellant contends that the court erred in refusing to instruct

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the jury concerning the abolition of parole in the Commonwealth. We disagree and affirm appellant's sentence.

The disposition of this appeal is governed by the recent panel decisions of this Court in Mosby v. Commonwealth, 24 Va. App. 284, 482 S.E.2d 72 (1997), and Walker v. Commonwealth, 24 Va. App. __, __ S.E.2d __ (1997). Appellant had no Due Process right under Simmons v. South Carolina, 512 U.S. 154 (1994), to have his jury instructed that parole has been abolished in Virginia with respect to all felony offenses. See Mosby, 24 Va. App. at 288-90, 482 S.E.2d at 73-74. And, under Virginia law, except in the limited circumstances addressed in Simmons, information concerning parole eligibility or ineligibility is not relevant evidence to be considered by the jury. E.g., id. at 290, 482 S.E.2d at 74-75. Accordingly, we hold that the trial court properly instructed the jury.[1]

Appellant's sentence is affirmed.

Affirmed.

---

[1] We find no support for appellant's further contention that the jury failed to follow the trial court's instruction in the present case. "[A] jury is presumed to follow the instructions given to it." Pugh v. Commonwealth, 233 Va. 369, 375 n.*, 355 S.E.2d 591, 595 n.* (1987). Appellant reasons that because the jury posed a hypothetical question to the court which referenced a three-year term, but, ultimately imposed a longer term, the jury must have improperly and without accurate information considered the issue of parole. The conclusion appellant urges upon this Court rests on conjecture and speculation and is insufficient to rebut the presumption that the jury followed the court's instruction.

Benton, J., dissenting.

By statute the General Assembly has mandated that "[a]ny person sentenced to a term of incarceration for a felony offense committed on or after January 1, 1995, shall not be eligible for parole upon that offense." Code § 53.1-165.1. I would hold that the trial judge erred in refusing to inform the jury, in response to its question about the availability of parole, that parole has been abolished in Virginia.[2] I therefore dissent.

## I.

While deciding the proper sentence to impose upon Edward Hakspiel, the jury sent to the trial judge the following written inquiry:

> 1. At what point in his sentence would he be eligible for parole, i.e., if we sentence him for three years when would he be eligible?
>
> 2. What about time he has already served?

After the judge refused to answer the jury's question, the jury fixed Hakspiel's sentence at seven years of imprisonment. The jury's effort to determine Hakspiel's parole eligibility conclusively establishes that the jury was uninformed about the law and that the issue of parole had an impact on the jury's decision to impose the seven year sentence.

It is error not to instruct the jury when the jury may make

---

[2]"The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." Morrissey v. Brewer, 408 U.S. 471, 477 (1972).

findings based upon a mistaken belief of the law.  See Martin v. Commonwealth, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977) (per curiam).  After the jury asked about parole, the judge knew the jury was unaware that parole has recently been eliminated in Virginia.  Under these circumstances, I would hold that the trial judge erred in refusing to answer the jury's question.  See Walker v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1997) (Benton, J., dissenting) ("The courts should not permit jurors to sentence based upon the erroneous belief that parole release still exists.").

To exacerbate matters, the trial judge responded to the question by telling the jury "not to concern [them]selves with what may happen" after the jury imposed its sentence.  By referring to parole as something that "may happen," the judge implied that parole was, in fact, available.  Moreover, the jury's decision to impose seven years of imprisonment after indicating that it was considering a three year term of imprisonment supports the inference that the jury probably concluded, though erroneously, that Hakspiel could be eligible for parole.

> It is true, as the State points out, that the trial court admonished the jury that "you are instructed not to consider parole" and that parole "is not a proper issue for your consideration."  Far from ensuring that the jury was not misled, however, this instruction actually suggested that parole was available but that the jury, for some unstated reason, should be blind to this fact. . . .  While juries ordinarily are presumed to follow the court's instructions,

> we have recognized that in some circumstances "the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored."

Simmons v. South Carolina, 512 U.S. 154, 170-71, 114 S. Ct. 2187, 2197 (1994) (plurality opinion) (citations omitted).  The trial judge's response to the jury's question did not aid in alleviating the confusion, and in fact, it may have misled the jury.  Thus, I would hold that the trial judge erred by providing a jury instruction that was misleading.  Cf. Blevins v. Commonwealth, 209 Va. 622, 628, 166 S.E.2d 325, 330 (1969).

## II.

The majority opinion essentially relies upon this Court's recent decision in Mosby v. Commonwealth, 24 Va. App. 284, 482 S.E.2d 72 (1997), and cases decided upon proceedings that arose under recently abandoned sentencing procedures and before parole was abolished.  Although this Court in Mosby held "that in noncapital felony cases a trial judge is not required to instruct the jury that the defendant, if convicted, will be ineligible for parole," id. at 286, 482 S.E.2d at 72, I believe that decision fails to take into account the effect of the dramatic statutory changes in Virginia law.

In addition to abolishing parole, the General Assembly revised jury sentencing procedures to provide for bifurcated jury trials in non-capital felony prosecutions.  See Code

§ 19.2-295.1.  The new procedure under Code § 19.2-295.1 fundamentally changed the way sentencing proceedings are now conducted before juries in prosecutions for non-capital offenses.  As a result, the reasons that previously justified depriving the jury of information concerning parole no longer exist.

Under the previous jury sentencing scheme, juries in non-capital cases would both determine guilt and impose a sentence after a single unitary trial.  The only criteria juries could consider in sentencing were the range of punishment for the offense and the facts germane to the commission of the offense.  "The theory of our [previous] unitary jury trial [procedure was] that the jury [was] to sentence the offense rather than the offender."  Smith v. Commonwealth, 223 Va. 721, 725-26, 292 S.E.2d 362, 365 (1982) (Russell, J., dissenting).  Thus, evidence of aggravating and mitigating factors was not admissible before the jury at the trial of a non-capital criminal offense.  See Weeks v. Commonwealth, 248 Va. 460, 476, 450 S.E.2d 379, 389-90 (1994); Duncan v. Commonwealth, 2 Va. App. 342, 345-47, 343 S.E.2d 392, 394-95 (1986).  By contrast, under the new procedure, "the Commonwealth shall present the defendant's prior criminal convictions," Code § 19.2-295.1, and the defendant may introduce relevant mitigating evidence.  See Pierce v. Commonwealth, 21 Va. App. 581, 466 S.E.2d 130 (1996).  The new bifurcated procedure therefore permits an inquiry that is significantly broader in scope.

In addition, within the context of the former unitary trial procedure, the Supreme Court enunciated the rule that in a non-capital jury sentencing "the trial [judge] should not inform the jury that its sentence, once imposed and confirmed, may be set aside or reduced by some other arm of the State."  Hinton v. Commonwealth, 219 Va. 492, 495, 247 S.E.2d 704, 706 (1978). Significantly, the Supreme Court noted that "[t]he aim of the rule . . . [was] to preserve, as effectively as possible, the separation of [the] functions [of the judicial and executive branches] during the process when the jury is fixing the penalty, in full recognition of the fact that the average juror is aware that some type of further consideration will usually be given to the sentence imposed."  Id. at 496, 247 S.E.2d at 706.  In crafting the new sentencing scheme, however, the General Assembly eliminated parole -- the mechanism utilized by the executive branch to reduce juries' sentences.  Thus, the need to separate the sentencing function of the judiciary from the role of the executive branch in granting parole is no longer a consideration.

The Supreme Court also reasoned in Jones v. Commonwealth, 194 Va. 273, 72 S.E.2d 693 (1952), that a jury should not be informed of parole eligibility because "[s]uch a practice would permit punishments to be based on speculative elements, rather than on the relevant facts of the case, and would lead inevitably to unjust verdicts."  Id. at 279, 72 S.E.2d at 697.  However, because the law today is unambiguous -- parole is completely

unavailable to all convicted felons -- the jury's consideration of that fact would not be speculative. On the contrary, informing the jury of the now certain fact that parole has been abolished would eliminate the very speculation that previously concerned the Supreme Court.

In view of the legislature's abolition of the long standing tradition of parole and the new bifurcated jury sentencing procedure, we mislead jurors and prejudice defendants when we fail to inform jurors that parole is no longer available and cannot be used to temper whatever sentence the jury opts to levy.

I dissent.