COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


TYWON W. BRISCOE
                                        OPINION BY
v.        Record No. 1963-96-4     JUDGE JERE M. H. WILLIS, JR.
                                        JANUARY 27, 1998
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
             Arthur B. Vieregg, Jr., Judge

      Steven D. Briglia (Briglia & Hundley, P.C.,
      on brief), for appellant.

      Richard B. Smith, Assistant Attorney General
      (James S. Gilmore, III, Attorney General, on
      brief), for appellee.


     On appeal from his conviction for aggravated malicious wounding and the use of a firearm in the commission of a felony, Tywon W. Briscoe contends that the trial court erred in failing to instruct the jury that he would be ineligible for parole.  We affirm the judgment of the trial court.

     On August 7, 1995, Briscoe shot Luis Glaize.  A jury convicted Briscoe of aggravated malicious wounding and use of a firearm in the commission of a felony.  The trial court instructed the jury that the penalty range for aggravated malicious wounding is twenty years to "imprisonment for life."

     During deliberations, the jury sent the trial court a note asking:

        (1)  Please provide definition (in number of
             years) of "Imprisonment for life"?

        (2)  When is the eligibility of parole for a
             20 year sentence?

In response to the first question, the trial court replied: "'Imprisonment for life' means the plain, common definition of those words." As to the second question, the trial court replied:

> You should impose such punishment as you
> think is just under the evidence and within
> the instructions of the Court. You are not
> to concern yourselves with what may happen
> afterwards.

The jury fixed Briscoe's punishment at thirty-two years in prison for aggravated malicious wounding and three years for use of a firearm in the commission of a felony. By final order, the trial court imposed these sentences.

Our decision in this case is controlled by Mosby v. Commonwealth, 24 Va. App. 284, 482 S.E.2d 72 (1997). In Mosby, we held that a trial court is not required to instruct the jury on a defendant's eligibility for parole in non-capital cases. Id. at 286, 482 S.E.2d at 72. "Parole ineligibility" is not based upon a defendant's character, culpability, or the nature of the offense, and is not, therefore, relevant to punishment. Walker v. Commonwealth, 25 Va. App. 50, 66, 486 S.E.2d 126, 134 (1997).

The trial court instructed the jurors that "imprisonment for life" is self-explanatory and that they should not concern themselves with what might occur in the future. These responses to the jury's inquiries were proper. See Clagett v. Commonwealth, 252 Va. 79, 94, 472 S.E.2d 263, 272 (1996); Clark

v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979);
Hinton v. Commonwealth, 219 Va. 492, 247 S.E.2d 704 (1978).

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>