# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Isham D. Davis

Case No. 98-912F

Commonwealth of Virginia

v.

Robert S. Davis

Case No. 98-913F

Commonwealth of Virginia

v.

Jermain A. Harris

Case No. 98-827F

October 27, 1998

BY JUDGE JAMES B. WILKINSON

On October 7, 1997, the defendants, Isham Davis, Robert Davis, and Jermaine Harris, came before the court for trial by jury on charges of murder. The guilt and penalty issues of the trial were bifurcated. After the parties presented arguments on the issue of guilt, the jury found all three defendants guilty of second degree murder. Thereafter, the parties presented arguments concerning the appropriate sentence to be imposed. During the defendant's argument, counsel for Isham Davis told the jury, "October 7th, 2003 .... [S]ince you've found Isham Davis guilty you can't do anything less than sentence him to five years incarceration, five years imprisonment. So think about where you're going to be on October 7th, 2003, because that's the first day Isham Davis will have the opportunity to take a breath as a free man." Counsel for Jermaine Harris then told the jury, "October 7th of the year 2003 would also be the first day that Jermaine Harris can breathe as a free man. ... I would suggest to you five years in the penitentiary, five years behind bars would send a signal that would be adequate." During the Commonwealth's Attorney's rebuttal, he told the jury, "I am not even going to call them animals because animals don't kill their own." Defendants objected to the Commonwealth's statement and made a Motion for a Mistrial. The court agreed that the statements were inappropriate and sustained defendants' objection; however, the court overruled defendants' motion. The court instructed the ladies and gentlemen of the jury to disregard the statement.

The Commonwealth's Attorney then continued his rebuttal and told the jury, "they're telling you on October 7, five years from now, and that's not really true. In Virginia they will be eligible for parole." Defendants objected to the Commonwealth's statement. The Commonwealth's Attorney stated that he was "just correcting what they said." The court replied, "You are correcting what they said, but you can't go into that. They were wrong. ... Don't go into the parole laws. Just leave it like it is. That is not correct. The Court will instruct them that is not correct." The jury was excluded, at which time the defendants renewed the Motion for a Mistrial. The court agreed that references by the Commonwealth's Attorney to the word "animal" and to the issue of parole were not proper, but again overruled the motion. The court brought the jury back and instructed them:

> All right, ladies and gentlemen of the jury, any reference by the Commonwealth's Attorney to the word animal you completely disregard and dismiss it all together. On the question of the parole, you should not concern yourself with that one way or the other. You

fix what you think is a just penalty. What takes place after that is none of your concern, nor of mine. You understand? So, dismiss all that from your mind in your deliberations. Does anyone have any questions about that? All right. Thank you.

The jury retired and returned its verdict recommending imposition of a twenty year sentence for each defendant. Defendants renewed the Motion for Mistrial, which the court again overruled.

## Issue

Whether the court's instruction to the jury to disregard any reference to the word "animal" and to the issue of parole is sufficient to avoid a mistrial or whether such references were so prejudicial as to cloud the minds of the jurors and deprive the accused of a fair trial.

## Discussion

When inadmissible evidence is improperly presented to the jury, it is a question for the court whether the evidence is so prejudicial as to necessitate a mistrial. *Beavers v. Commonwealth*, 245 Va. 268, 280, 427 S.E.2d 411, 420, *cert. denied* 510 U.S. 859, 114 S. Ct. 171, 126 L. Ed. 2d 130 (1993). If such improper evidence is "so impressive that it probably remained on the minds of the jury and influenced their verdict," a curative instruction will not be sufficient and a mistrial must be granted. *Mills v. Commonwealth*, 24 Va. App. 415, 420 (1997), *citing Asbury v. Commonwealth*, 211 Va. 101, 106, 175 S.E.2d 239, 241 (1970). The sanctity of the jury verdict is sought to be upheld by the Virginia courts, and it is the court's duty to uphold a fairly rendered verdict. *Smithey v. Sinclair Ref. Co.*, 203 Va. 142, 145, 122 S.E.2d 872 (1961). Before a jury's verdict will be disturbed, there must be a clear showing that their decision was formed by improper factors. *Murphy v. Va. Car. Freight Lines*, 215 Va. 770, 775, 213 S.E.2d 769 (1975). A verdict prompted by improper factors such as passion, prejudice, improper means, or not supported by the evidence will be disavowed. *Danville Community Hosp.*, 186 Va. at 764.

On the issue of references to the word "animal," the defendants rely on *Rosser v. Commonwealth*, 24 Va. App. 308, 482 S.E.2d 83 (1997). In that case, the defendant was found guilty of stabbing a prison guard. During the sentencing phase of the trial, the prosecuting attorney told the jury that the defendant was "an animal ... in every sense of the word." The trial court

overruled appellant's motion for a mistrial and asked the jury to "disregard the argument with reference to the comparing of the defendant to an animal." *Rosser*, 24 Va. App. at 314. The court further told the jury that "I'm not chastising the Commonwealth for it .... [I]f you would ignore that I would appreciate it." *Id.* The jury returned its verdict, recommending the ten-year maximum sentence. The Court of Appeals held that the prosecutor's conduct deprived the appellant of the "scrupulously fair and impartial trial" he was entitled to. *Id.* at 316.

*Rosser* is distinguishable from the case at bar. In *Rosser*, the trial judge had ordered the accused to be shackled, "not unlike a wild animal," while sitting within the jury's sight. 24 Va. App. at 314. The Court of Appeals stated that "[i]n cases such as this ... great care must be taken to assure that the accused is not deprived of a fair trial." *Id.* The court found that the trial court's statement to the jury was a mere request to disregard the prosecutor's remarks and "lacked the direction that should be given when inappropriate argument is made." *Id.* at 316. In the case at bar, the court did not merely request, but directly ordered the jurors to disregard the improper argument in reaching their verdict. The court immediately instructed the jury to disregard the Commonwealth's statement and later returned the jury specifically to instruct them to "completely disregard and dismiss ... all together" any reference made by the Commonwealth's Attorney to the word animal and to "dismiss all that from [their] mind in [their] deliberations." Furthermore, the defendants in this case were not sitting in front of the jury shackled like "a wild animal." *Id.* at 314. The defendants were dressed in plain clothes and sitting unrestrained in front of the jury. Great care was taken to insure that the defendants were at no time handcuffed in the presence of the jury. Therefore, the requisite amount of care was taken to assure that the accused received a scrupulously fair and impartial trial.

On the issue of parole, the defendants rely on *Walker v. Commonwealth*, 25 Va. App. 50, 486 S.E.2d 126 (1997). The issue in *Walker* was whether the jury should have been instructed that Walker was ineligible for parole under Virginia law. The court affirmed that defendant's convictions, stating that it is well-established in Virginia that post-sentencing events are not relevant to punishment and, therefore, not the concern of the jury. The court reasoned that "consideration of post-sentencing events would lead the jury to speculate as to the probable time actually served on a sentence." *Id.* at 63.

However, the *Walker* court clearly stated that it was not persuaded that a jury will impose a more severe sentence under the belief that parole exits. *Id.* at 66. "A jury is charged to fix a sentence within the statutory range, commensurate with the nature of the offense. We shall not presume that our

juries routinely disobey this charge by speculating as to parole possibilities." *Id.* Jurors should be told that it is "their duty, if they found the accused guilty, to impose such sentence as seemed to them to be just. What might afterwards happen [is] no concern of theirs." *Walker*, 25 Va. App. at 61; *see also, Briscoe v. Commonwealth*, 26 Va. App. 415, 416-17, 494 S.E.2d 898 (1998); *Coward v. Commonwealth*, 164 Va. 639, 646, 178 S.E. 797 (1935). In the case at bar, the court immediately instructed the jury to disregard any statements made regarding the issue of parole. In addition, the court called the jury back and strictly directed them to dismiss such improper references from their minds and to fix what they believed to be "a just penalty." As required by the *Walker* court, this court further instructed the jury that "[w]hat takes place after that is none of your concern." The jury's verdict on the length of the sentence does not indicate consideration of post-sentencing events or that the jury imposed a more severe sentence under the belief that parole existed. The jury was instructed that based on their finding of guilt, they were to fix a sentence within the statutory range of five to forty years. The court cannot find by the jury's verdict recommending imposition of a twenty-year sentence that the defendants have been given extraordinarily harsh sentences where the maximum sentence provided by law is forty years.

In addition, the court is of the opinion that the defendants invited the comment by the Commonwealth's Attorney on the issue of parole when they stated to the jury that "October 7th of the year 2003" would be the first day that the defendants could breathe as free men and that "five years behind bars" would send an adequate signal. The Commonwealth responded in an attempt to correct the defendants' statements by saying, "that's not really true. In Virginia they will be eligible for parole." In Virginia, a defendant in a criminal case cannot invite error and then take advantage of the situation created by his own wrong. *Rea v. Commonwealth*, 14 Va. App. 940, 421 S.E.2d 464 (1992). A judgment will not be reversed for an error invited by the party asking for the reversal. *Norfolk & W. R. Co. v. Mann*, 99 Va. 180, 37 S.E. 849 (1901); *Raisovich v. Giddings*, 214 Va. 485, 201 S.E.2d 606 (1974). Reference to amount of time the defendants would serve was introduced by the defense counsel, and, if any error was committed, it was invited by defendants.

The Supreme Court of Virginia has stated that the duty of the jury is to impose such sentence as they find just under the evidence and the Court's instructions. *Clagett v. Commonwealth*, 252 Va. 79, 94, 472 S.E.2d 263, 272 (1996). It is the court's determination that the Commonwealth's Attorney's statements, while improper, were not "so impressive" as to stay on the jurors' minds and influence their verdict. The court firmly chastised the prosecutor for making inappropriate argument, and the court's instruction to the jury to

disregard such statements was immediate and sufficient to cure any prejudice they may have caused. The court has great faith in the integrity of our juries and does not believe that a jury would lightly disregard their duty and the charges of this court. No evidence has been presented to the contrary in this case, and to hold that the jury was influenced by any improper statements would be to assume that the jury deliberately ignored the admonition and instructions of the court. It is, therefore, the considered opinion of this court that the jury's verdict reflects that the jury followed the court's instructions.

## Conclusion

The statements made in reference to the word "animal" and to the issue of parole were not so prejudicial as to warrant a mistrial. Therefore, the instruction and admonition of the court to the jury to disregard such references was sufficient to cure any prejudice the statements in question may have caused against the defendants.