COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia

NATHANIEL DALE PIERCE

v.     Record No. 0145-95-1                    OPINION BY
                                          JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                      JANUARY 30, 1996

              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Robert W. Curran, Judge

          James S. Ellenson, for appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Richard B. Smith, Assistant Attorney General,
          on brief), for appellee.


     Nathaniel Dale Pierce (appellant) appeals from a judgment of
the Circuit Court of the City of Newport News finding him guilty
of first degree murder, three counts of malicious wounding, and
four counts of using a firearm in the commission of a felony.
The sole question in this appeal is whether the trial court erred
in ruling that Code § 19.2-295.1 barred appellant from
introducing evidence at the sentencing phase of his jury trial
because the Commonwealth declined to introduce evidence.  We hold
that the trial court erred; accordingly, we reverse and remand
for a new sentencing proceeding.

     After the jury returned its verdicts finding appellant
guilty of the charged offenses, the prosecutor advised the court
that he had no evidence to introduce at the sentencing phase to
be conducted pursuant to Code § 19.2-295.1.[1]  Defense counsel

_____
     [1]When appellant's trial began on January 10, 1995, Code

stated that he intended to call appellant's mother to testify that appellant had been a "good upstanding citizen" and a "loyal and loving son."  During the ensuing argument about whether Code § 19.2-295.1 permitted appellant to introduce evidence under the circumstances, appellant's counsel stated, "Well, after you've read the statute, it doesn't quite appear that we can, but we'd like to."  The trial court refused to permit appellant to introduce evidence, ruling that Code § 19.2-295.1 allowed a defendant to put on evidence only in rebuttal to the Commonwealth's evidence.  Defense counsel noted his exception to this ruling.

Appellant argues that the trial court misinterpreted Code § 19.2-295.1 as barring a defendant from introducing evidence at the sentencing phase unless the Commonwealth has put on evidence.  The Commonwealth contends appellate review of the issue is procedurally barred because appellant acquiesced in the trial court's ruling.  However, the record clearly shows that defense counsel placed the issue before the court and excepted to the adverse ruling.  Counsel's comment concerning the relative strength of his position did not constitute an agreement with the court's decision.  Thus, appellant's argument on appeal is not an

(..continued)
§ 19.2-295.1 stated that at a sentencing proceeding, "the Commonwealth shall present the defendant's prior criminal convictions . . . .  After the Commonwealth has introduced such evidence of prior convictions, the defendant may introduce relevant, admissible evidence related to punishment.  Nothing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal."

attempt to "approbate and reprobate."  See Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988), cert. denied, 490 U.S. 1028 (1989).  Further, we find no merit to the Commonwealth's assertion that appellant's brief provides insufficient argument to support his position.  See Rule 5A:20(e).  Thus, we address on the merits the issue before us.

Code § 19.2-295.1 is a procedural statute, governing the ascertainment of punishment in a criminal jury trial.  Statutes regarding criminal procedure generally are construed strictly against the Commonwealth.  See Bottoms v. Commonwealth, 20 Va. App. 466, 469, 457 S.E.2d 796, 797 (1995).  See also Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980).  Even so, "[w]here the language of the applicable statute is clear and unambiguous, the court 'must take the words as written and give them their plain meaning.'"  Williams v. Commonwealth, 12 Va. App. 912, 920, 407 S.E.2d 319, 325 (1991) (en banc).

"After the Commonwealth has introduced such evidence of prior convictions, the defendant may introduce relevant, admissible evidence related to punishment."  Code § 19.2-295.1.  The Commonwealth construes this sentence to mean that the defendant is permitted to introduce evidence only if the Commonwealth has done so.[2]  Instead of using the phrase "only if"

---

[2]The General Assembly amended Code § 19.2-295.1, effective July 1, 1995, to state that a defendant is not precluded from introducing evidence even if the Commonwealth introduces no evidence.

in the statute, however, the General Assembly chose the term "after."  We presume that the legislature uses a nontechnical term such as "after" in its ordinary sense.  See Frere v. Commonwealth, 19 Va. App. 460, 465, 452 S.E.2d 682, 685 (1995).

The word "after" means "later than a particular time or period of time."  Suggs v. Life Insurance Co., 207 Va. 7, 11 n.*, 147 S.E.2d 707, 710 n.* (1966).  So defined, the statutory language in question simply sets forth the order of proof at the sentencing proceeding.  However, the language does not prohibit the defendant from introducing relevant, admissible evidence related to punishment if the Commonwealth chooses not to produce evidence of the defendant's prior convictions, or if the defendant has no criminal record that the Commonwealth can introduce.

This result is consistent with the sentence in Code § 19.2-295.1 that "[n]othing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal."  "Whenever possible, . . . it is our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal."  VEPCO v. Board of Supervisors, 226 Va. 382, 388, 309 S.E.2d 308, 311 (1983).

Following appellant's trial, Code § 19.2-295.1 was amended to permit a sentencing proceeding before a different jury if a defendant's sentence is reversed on appeal because of error in

- 4 -

the original sentencing proceeding.  "The general rule is that statutes are to be applied prospectively absent an express legislative provision to the contrary."  Wyatt v. Dep't of Social Services, 11 Va. App. 225, 228, 397 S.E.2d 412, 414 (1990).  Rules of procedure, such as those contained in Code § 19.2-295.1, "are not protected from the effect of a repealing statute."  Id. at 229, 397 S.E.2d at 414.  Accordingly, we reverse and remand the case for a new sentencing proceeding consistent with Code § 19.2-295.1, as amended.  See Evans v. Commonwealth, 228 Va. 468, 476-77, 323 S.E.2d 114, 119 (1984), cert. denied, 471 U.S. 1025 (1985) (where defendant's death sentence reversed because of error at sentencing proceeding, defendant properly resentenced by different jury as permitted by a statute enacted after his first trial and conviction).

Reversed and remanded.