COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


MARK SHAWN WALLACE

MEMORANDUM OPINION[*] BY
v.          Record No. 0795-96-3          JUDGE NELSON T. OVERTON
                                          FEBRUARY 25, 1997
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Sharon K. Eimer, Senior Assistant Public
Defender (Office of the Public Defender, on
brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Mark Shawn Wallace was convicted by a jury of malicious wounding and the use of a firearm in the commission of malicious wounding. He appeals, contending (1) that the evidence does not prove malice beyond a reasonable doubt and (2) that the trial court erred by barring the defendant's evidence of mitigating circumstances at the sentencing phase. We affirm as to the first issue but remand for resentencing as to the second.

The parties are fully conversant with the record in the cause, and because this memorandum opinion carries no precedential value, no recitation of the facts is necessary.

On appeal, the evidence must be viewed in a light most

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

favorable to the Commonwealth.  See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  A judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it.  See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  "Whether malice existed is a question for the jury."  Branch v. Commonwealth, 14 Va. App. 836, 841, 419 S.E.2d 422, 426 (1992); Essex v. Commonwealth, 228 Va. 273, 280, 322 S.E.2d 216, 220 (1984).  The defendant's conduct and words at the time of the incident and thereafter may be used to show malice.  See Slusher v. Commonwealth, 196 Va. 440, 445, 83 S.E.2d 719, 721 (1954).

The record contains ample evidence for the jury to conclude that Wallace acted with malice.  Wallace shot the victim at a distance of five to six feet.  He said, "Let's go," immediately afterwards.  He rendered no assistance to the bleeding victim lying next to him for several minutes after the shooting.  He wiped off the gun and disposed of it.  When questioned, Wallace denied seeing or hearing anything.  This evidence clearly supports the jury's conclusion that Wallace maliciously wounded the victim.

Wallace also argues that he should have been allowed to present evidence of mitigating evidence at the sentencing phase, even though the Commonwealth presented no evidence of a criminal record.  We agree, based on our decision in Pierce v. Commonwealth, 21 Va. App. 581, 466 S.E.2d 130 (1996).  We

therefore remand for a new sentencing proceeding to be conducted under the revised Code § 19.2-295.1, in which the defendant may introduce evidence relevant to punishment regardless of whether the Commonwealth presents evidence of a criminal record.

Accordingly, we affirm the convictions and remand for resentencing.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>