COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


KEVIN CHASE NEWMAN

MEMORANDUM OPINION[*]
v.   Record No. 0369-96-2          BY JUDGE MARVIN F. COLE
                                        JULY 1, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Charles L. McCormick, Judge

Michael Morchower; Christopher C. Booberg
(Morchower, Luxton & Whaley, on brief), for
appellant.

Ruth Ann Morken, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Kevin Chase Newman (defendant) was convicted in a jury trial
of seven felonies.  He contends that the trial court erred in
refusing to inform the jury that his sentence would be served
according to the truth-in-sentencing law which took effect in
1995.  We affirm the convictions.

After the jury found the defendant guilty of all charges
against him, it retired to deliberate upon the punishment.  The
jury sent the following note to the trial judge:  "Has the new
violent offender law gone into effect in Virginia, and can the
accused get paroled?"  The trial judge made the following
response to the question:

[T]he answer to that [question] is that

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I am not permitted to give you an answer.

In other words, you are to impose such sentence as you think is appropriate under the circumstances of this case, and you are not to concern yourselves with what might happen after that.

That is the answer that the Court has to give you under the circumstances.

The defendant argues that the case law precluding a parole instruction to the jury applies to situations occurring before parole was abolished in January 1995, when Code § 53.1–165.1 was passed.  He asserts that the refusal of the trial court to inform the jury of the current sentencing laws violated his due process rights under the federal constitution, citing Simmons v. South Carolina, 512 U.S. 154 (1994), as authority for his position.

We find that the question raised in this case was recently addressed in Mosby v. Commonwealth, 24 Va. App. 284, 482 S.E.2d 72 (1997).  At the sentencing phase, Mosby proffered an instruction telling the jury that they were permitted to consider that Virginia has abolished parole.  The trial judge refused the instruction.  After deliberating on the sentence, the jury tendered the following question to the trial judge:  "'[W]e [are] unclear as to the status of parole in the state of Virginia and [would] like an answer to that.'"  Id. at 287, 482 S.E.2d at 73.  The trial judge responded by stating:  "'[T]he status of the law is that at this time the legislature has set a range [of

2

punishment] that you are to consider, that range has been given to you in your instructions and what happens after that is set by other [parameters] that are not to concern you. . . .'" On appeal, we upheld the trial judge's decision and declared:

> The Simmons decision clearly requires that juries in Virginia must be informed of parole ineligibility when the Commonwealth argues future dangerousness in capital cases. See Mickens v. Commonwealth, 249 Va. 423, 457 S.E.2d 9 (1995). However, Simmons imposes no such requirement in noncapital cases.

Id. at 290, 482 S.E.2d at 74.

In Mosby, we further said that because Simmons did not apply, "the established Virginia law controls; a trial judge is not required to instruct juries on the status of a defendant's eligibility for parole." Id. at 290, 482 S.E.2d at 74-75 (citation omitted).

As in this case, the defendant in Mosby argued that recent legislative changes in the law reflected a shift in Virginia's former policy which should require that juries now be told of a convicted felon's parole eligibility. This Court, in Mosby, did not accept this assertion and held that Code § 19.2-295.1 contained no provisions requiring that the jury be told of a defendant's parole eligibility.

We find that the facts in Mosby are substantially similar to the circumstances in this case and that the Mosby decision is binding upon us. Accordingly, we affirm the defendant's convictions.

3

<u>Affirmed.</u>

Benton, J., dissenting.


By statute the General Assembly has mandated that "[a]ny person sentenced to a term of incarceration for a felony offense committed on or after January 1, 1995, shall not be eligible for parole upon that offense."  Code § 53.1-165.1.  I would hold that the trial judge erred in refusing to inform the jury, in response to its question about the availability of parole, that parole has been abolished in Virginia.[1]  I therefore dissent.

## I.

While deciding the proper sentence to impose upon Newman, the jury asked the trial judge whether Newman could "get paroled."  After the judge refused to answer the jury's question, the jury imposed the maximum terms of imprisonment for each offense.  The jury's effort to determine Newman's parole eligibility conclusively establishes that the jury was uninformed about the law and that the issue of parole had an impact on the jury's decision to impose the maximum prison sentences.

It is error not to instruct the jury when the jury may make findings based upon a mistaken belief of the law.  See Martin v. Commonwealth, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977) (per curiam).  After the jury asked about parole, the judge knew the jury was unaware that parole has recently been eliminated in

_____

[1]"The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence."  Morrissey v. Brewer, 408 U.S. 471, 477 (1972).


5

Virginia.  Under these circumstances, I would hold that the trial judge erred in refusing to answer the jury's question.  See Walker v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1997) (Benton, J., dissenting) ("The courts should not permit jurors to sentence based upon the erroneous belief that parole release still exists.").

To exacerbate matters, the trial judge responded to the question by telling the jury not "to concern [themselves] with what might happen []after" the jury imposed its sentence.  By referring to parole as something that "might happen," the judge implied that parole was, in fact, available.  Moreover, the jury's decision to impose the maximum terms of imprisonment supports the inference that the jury probably concluded, though erroneously, that Newman could be eligible for parole.

> It is true, as the State points out, that the trial court admonished the jury that "you are instructed not to consider parole" and that parole "is not a proper issue for your consideration."  Far from ensuring that the jury was not misled, however, this instruction actually suggested that parole was available but that the jury, for some unstated reason, should be blind to this fact. . . .  While juries ordinarily are presumed to follow the court's instructions, we have recognized that in some circumstances "the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored."

Simmons v. South Carolina, 512 U.S. 154, 170-71, 114 S. Ct. 2187, 2197 (1994) (plurality opinion) (citations omitted).  The trial

6

judge's response to the jury's question did not aid in alleviating the confusion, and in fact, it may have misled the jury.  Thus, I would hold that the trial judge erred by providing a jury instruction that was misleading.  Cf. Blevins v. Commonwealth, 209 Va. 622, 628, 166 S.E.2d 325, 330 (1969).

## II.

The majority opinion essentially relies upon this Court's recent decision in Mosby v. Commonwealth, 24 Va. App. 284, 482 S.E.2d 72 (1997), and cases decided upon proceedings that arose under recently abandoned sentencing procedures and before parole was abolished.  Although this Court in Mosby held "that in noncapital felony cases a trial judge is not required to instruct the jury that the defendant, if convicted, will be ineligible for parole," id. at 286, 482 S.E.2d at 72, I believe that decision fails to take into account the effect of the dramatic statutory changes in Virginia law.

In addition to abolishing parole, the General Assembly revised jury sentencing procedures to provide for bifurcated jury trials in non-capital felony prosecutions.  See Code § 19.2-295.1.  The new procedure under Code § 19.2-295.1 fundamentally changed the way sentencing proceedings are now conducted before juries in prosecutions for non-capital offenses. As a result, the reasons that previously justified depriving the jury of information concerning parole no longer exist.

Under the previous jury sentencing scheme, juries in

non-capital cases would both determine guilt and impose a sentence after a single unitary trial. The only criteria juries could consider in sentencing were the range of punishment for the offense and the facts germane to the commission of the offense. "The theory of our [previous] unitary jury trial [procedure was] that the jury [was] to sentence the offense rather than the offender." Smith v. Commonwealth, 223 Va. 721, 725-26, 292 S.E.2d 362, 365 (1982) (Russell, J., dissenting). Thus, evidence of aggravating and mitigating factors was not admissible before the jury at the trial of a non-capital criminal offense. See Weeks v. Commonwealth, 248 Va. 460, 476, 450 S.E.2d 379, 389-90 (1994); Duncan v. Commonwealth, 2 Va. App. 342, 345-47, 343 S.E.2d 392, 394-95 (1986). By contrast, under the new procedure, "the Commonwealth shall present the defendant's prior criminal convictions," Code § 19.2-295.1, and the defendant may introduce relevant mitigating evidence. See Pierce v. Commonwealth, 21 Va. App. 581, 466 S.E.2d 130 (1996). The new bifurcated procedure therefore permits an inquiry that is significantly broader in scope.

In addition, within the context of the former unitary trial procedure, the Supreme Court enunciated the rule that in a non-capital jury sentencing "the trial [judge] should not inform the jury that its sentence, once imposed and confirmed, may be set aside or reduced by some other arm of the State." Hinton v. Commonwealth, 219 Va. 492, 495, 247 S.E.2d 704, 706 (1978).

8

Significantly, the Supreme Court noted that "[t]he aim of the rule . . . [was] to preserve, as effectively as possible, the separation of [the] functions [of the judicial and executive branches] during the process when the jury is fixing the penalty, in full recognition of the fact that the average juror is aware that some type of further consideration will usually be given to the sentence imposed." Id. at 496, 247 S.E.2d at 706. In crafting the new sentencing scheme, however, the General Assembly eliminated parole -- the mechanism utilized by the executive branch to reduce juries' sentences. Thus, the need to separate the sentencing function of the judiciary from the role of the executive branch in granting parole is no longer a consideration.

The Supreme Court also reasoned in Jones v. Commonwealth, 194 Va. 273, 72 S.E.2d 693 (1952), that a jury should not be informed of parole eligibility because "[s]uch a practice would permit punishments to be based on speculative elements, rather than on the relevant facts of the case, and would lead inevitably to unjust verdicts." Id. at 279, 72 S.E.2d at 697. However, because the law today is unambiguous -- parole is completely unavailable to all convicted felons -- the jury's consideration of that fact would not be speculative. On the contrary, informing the jury of the now certain fact that parole has been abolished would eliminate the very speculation that previously concerned the Supreme Court.

In view of the legislature's abolition of the long standing

tradition of parole and the new bifurcated jury sentencing procedure, we mislead jurors and prejudice defendants when we fail to inform jurors that parole is no longer available and cannot be used to temper whatever sentence the jury opts to levy.

I dissent.