COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Felton, Judges Alston and McCullough
Argued at Alexandria, Virginia


CAROL MOSCA
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1084-11-4                      JUDGE ROSSIE D. ALSTON, JR.
                                                         NOVEMBER 27, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WARREN COUNTY
Dennis L. Hupp, Judge

Carol Elizabeth Mosca, *pro se*.

Robert H. Anderson, III, Senior Assistant Attorney General
(Kenneth T. Cuccinelli, II, Attorney General, on brief), for
appellee.


Carol Mosca (appellant) appeals an order from the Circuit Court of Warren County (trial

court) declaring her in violation of Code §§ 3.2-6569 and -6500 based on her inadequate care of

her dog, constituting a direct and immediate threat to the animal's life, safety or health.  The trial

court granted custody of the animal to the Humane Society of Warren County and ordered

appellant to pay $1,350 to the Humane Society.  Appellant contends that the trial court erred by

applying the preponderance of the evidence standard of law in finding a violation of Code

§§ 3.2-6569 and -6500 when the correct standard of law to be applied was beyond a reasonable

doubt.  For the reasons that follow, we find that the trial court erred and that the error was not

harmless.  As a result, we reverse and remand for future proceedings consistent with this opinion,

should the Commonwealth be so inclined.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"Under settled principles, we review a trial court's factfinding 'with the highest degree of appellate deference.'" Cooper v. Commonwealth, 54 Va. App. 558, 572, 680 S.E.2d 361, 368 (2009) (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006)). In this case, the Commonwealth prevailed in the trial court. "On appeal, we must view the evidence in the light most favorable to the prevailing party below . . . ." Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 67, 455 S.E.2d 267, 270 (1995).

So viewed, the evidence indicated that on December 12, 2010, appellant moved to the rental property owned by Joseph King at 186 Rocky Boulder Lane in Warren County. Appellant owned two dogs, one female dog named Bellaluna (the subject of this case) and one male dog. Over the three months that appellant resided in Warren County, her dogs were reported to be running at large multiple times.

Deputy Carper of the Warren County Sheriff's Office had multiple encounters with appellant and her dogs. On December 14, 2010, Deputy Carper responded to a call and observed

---

[1] The following facts are drawn from the written statement of facts in lieu of a transcript signed by the trial court in this case. See Rule 5A:8(c), (d). As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

In addition, on brief, appellant raised additional facts not found in the certified written statement of facts and multiple arguments regarding the accuracy of the certified written statement of facts. Because the trial court's signature on the written statement of facts certified that the procedural requirements of Rule 5A:8 have been satisfied, we will not address the additional facts raised by appellant on brief, or appellant's arguments disputing the written statement of facts' recitation of the facts of this case. See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) ("An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record."); Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) ("[Where] we do not have the benefit of a transcript of the proceedings, we can give credence only to what is contained in the Written Statement prepared by the trial judge.").

the dogs on appellant's property, but unconfined. Deputy Carper spoke with appellant, and appellant agreed that she would try to keep her dogs confined. Nine days later, he saw one of the dogs in neighboring Fauquier County but could not capture it. In early January, Deputy Carper responded to a call about an injured animal and discovered Bellaluna lying in the snow, albeit uninjured.

Deputy Gomez and Deputy Darr also responded to several calls regarding appellant's dogs running at large. On January 10, 2011, Deputy Darr responded to appellant's property. Deputy Darr had seen the dogs before he arrived at appellant's house, and they were not on appellant's property. When appellant answered the door, she told Deputy Darr that she had been jogging with the dogs. However, Deputy Darr had not seen appellant with the dogs earlier, and it was then that appellant told Deputy Darr that she could not get the dogs to stay on her property. Deputy Gomez also participated in multiple attempts to trap Bellaluna.

On January 24, 2011, Warren County Animal Control caught Bellaluna when she was again running at large. Shortly after she was captured, Bellaluna gave birth to puppies.

On January 27, 2011, Deputies Gomez, Carper, and Darr petitioned the general district court for a hearing regarding custody of Bellaluna under Code § 3.2-6569.

The trial court held a *de novo* bench trial on April 8, 2011. At the trial, Deputies Darr and Carper testified to the events described above. Deputy Gomez testified that she had seen appellant's dogs running off of appellant's property on at least four occasions and that there were two unverified complaints of one of appellant's dogs biting another animal.[2] Deputy Gomez stated that appellant had pled guilty in general district court to seven counts of dogs running at large. Additionally, the Commonwealth introduced into evidence photographs that Deputy

---

[2] There is no indication in the record whether Bellaluna or appellant's other dog was the subject of these complaints.

- 3 -

Gomez had taken, depicting the dogs approximately three fourths of a mile from appellant's property.

Joseph King, the owner of the property appellant rented, testified that he was concerned that appellant's dogs were going to get shot, so he put up a "dog run." King asserted that he never saw the dogs attached to the dog run and it appeared that appellant had never used it.

Appellant testified that she had moved to Warren County so that her dogs would be able to "run around the property and be free to roam the neighborhood." She asserted that she did not put her dogs in the dog run because she wanted them to be able to run free. Appellant also stated that she provided food and shelter for her dogs, including a doghouse for Bellaluna, and that she loved them as if they were her children. Appellant also acknowledged that she had been previously found guilty of the offense of dogs running at large in Henrico County.

In closing arguments, the Commonwealth argued that this was a civil petition and thus should be decided by a preponderance of the evidence civil standard. Appellant, through her counsel "conceded that the case should be decided with a preponderance of the evidence civil standard, [but] asked the [trial court] to consider this case to be similar to a case of removing a child from a parent and us[e] a higher standard."

The trial court ruled that the Commonwealth had shown by a preponderance of the evidence that Bellaluna had been denied adequate care as defined by Code § 3.2-6500 that constituted a direct and immediate threat to her life, safety or health, thus meeting the standard for seizure and impoundment set forth in Code § 3.2-6569. The trial court also ordered Bellaluna into the custody of the Humane Society of Warren County and ordered appellant to pay $1,350 to the Humane Society. The trial court specifically acknowledged that "in deciding this case, it applied the civil burden of proof, that being preponderance of the evidence. The

- 4 -

Commonwealth's Attorney had argued that this was the applicable burden, and the [appellant] offered no objection thereto." On May 6, 2011, the trial court filed the order with its findings from the bench trial.

On April 23, 2011, prior to the entry of the trial court's order of May 6, 2011, appellant filed a motion for rehearing, arguing that Code § 3.2-6569 required that the Commonwealth prove its case beyond a reasonable doubt and that the trial court erroneously relied on the Commonwealth's claim that a preponderance of the evidence standard applied at trial. Appellant filed a memorandum in support of her motion for rehearing on May 16, 2011. On May 20, 2011, the trial court sent a letter to the Commonwealth's attorney regarding appellant's motion for rehearing. The letter acknowledged that appellant had filed a motion for rehearing alleging that the trial court applied the wrong burden of proof at trial. The letter requested that the Commonwealth respond in writing to appellant's motion within fourteen days. The Commonwealth subsequently filed a response to appellant's motion.

By May 27, 2011, twenty-one days had passed since the trial court entered its order in this case. The trial court had not taken action on appellant's motion for rehearing, so it lost jurisdiction. See Rule 1:1. This appeal followed.

## II. Analysis

This Court reviews questions of law, such as the correct standard of proof, *de novo*. See Mulford v. Walnut Hill Farm Group, LLC, 282 Va. 98, 111, 712 S.E.2d 468, 476 (2011) (holding that the question of which party bears the burden of proof is reviewed *de novo*).

A. Waiver & Approbate and Reprobate

As an initial matter, the Commonwealth argues that appellant's claim is waived because appellant either failed to raise the issue of the standard of proof at trial or approbated and reprobated. We find that appellant's claim is not waived for either reason.

Rule 5A:18 provides,

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

In addition, Virginia courts have long held that "[n]o litigant . . . will be permitted to approbate and reprobate – to invite error . . . and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988). A litigant, "having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979).

At trial in the instant case, appellant rather inarticulately "conceded that the case should be decided with a preponderance of the evidence civil standard, [but then] asked the [trial court] to consider this case to be similar to a case of removing a child from a parent and us[e] a higher standard." Moreover, appellant filed a motion for rehearing in the trial court on April 23, 2011, before the trial court filed its final order in this case. In her motion, appellant clearly stated her position that Code § 3.2-6569(C) required that the Commonwealth prove its case beyond a reasonable doubt and that the trial court erroneously used a preponderance of the evidence standard at trial. Although the trial court did not rule on appellant's motion, it was actually aware of the motion, as evidenced by its letter of May 20, 2011. Through this motion, appellant

therefore preserved her argument for appeal under Rule 5A:18.[3] See Smith v. Smith, 18 Va. App. 427, 433, 444 S.E.2d 269, 273-74 (1994).

Furthermore, from this record before us, it cannot be said that appellant invited trial error and then took advantage of the situation created by her own wrong. To the contrary, appellant, through her timely motion for reconsideration, took appropriate and reasonable efforts to inform the trial court of the likely error made in the disposition of the matter. For some reason not clear from the record, the trial court never addressed the circumstances posed in the motion for reconsideration.

As a result, we find that appellant did not approbate and reprobate. The record shows that appellant "placed the issue before the court and excepted to" the use of the preponderance of the evidence standard through her motion for rehearing. Pierce v. Commonwealth, 21 Va. App. 581, 584, 466 S.E.2d 130, 131 (1996); but see Boedeker v. Larson, 44 Va. App. 508, 519-20, 605 S.E.2d 764, 769-70 (2004) (holding that the invited error doctrine applied where the husband took a position on appeal contrary to his initial position before the trial court, even though the husband had filed a motion to reconsider before the trial court raising the issue he attempted to advance on appeal). Appellant also asked the trial court to apply a higher standard of proof than preponderance of the evidence during her closing argument. Appellant's "concession" regarding the standard of proof concerned "the relative strength of [her] position . . . [and] not . . . an

---

[3] The Supreme Court recently held in Brandon v. Cox, 284 Va. 251, 256, 726 S.E.2d 298, 301 (2012), as amended by Brandon v. Cox, No. 111396, 2012 Va. LEXIS 178 (Sept. 24, 2012), that "merely filing a motion in the clerk's office of a circuit court" does not properly preserve a litigant's argument for appeal "when the record fails to reflect that the trial court had the opportunity to rule upon that motion." We recognize the burden this places on litigants to ensure that the record reflects that a trial court is aware of their post-trial motions, whether by letter or other document to the trial court or by obtaining a hearing to ask the trial court to acknowledge receipt of the motion. In this case, the trial court's May 20, 2011 letter, an apparent happenstance in this trial, suffices to affirmatively demonstrate that the trial court was "made aware of the argument," id. at 256, 726 S.E.2d at 301, and so Brandon is distinguishable.

agreement with the court's decision." Pierce, 21 Va. App. at 583-84, 466 S.E.2d at 131 (holding that the appellant's argument on appeal that Code § 19.2-295.1 allowed him to introduce evidence at a sentencing hearing was not approbating and reprobating because appellant did not agree with the trial court's decision when he stated, "'Well, after you've read the statute, it doesn't quite appear that we can, but we'd like to'"). Therefore, we hold that appellant's argument is not barred by the invited error doctrine.

## B. Merits

We hold that the trial court erred in applying the preponderance of the evidence standard of proof in the instant case. Appellant was tried under Code § 3.2-6569. Code § 3.2-6569(E) provides: "The procedure for appeal and trial shall be the same as provided by law for misdemeanors. . . . The Commonwealth shall be required to prove its case beyond a reasonable doubt." Therefore, under the plain language of the statute, the trial court erred in applying the preponderance of the evidence standard of proof.

We also hold that the trial court's error was not harmless. First, we recognize that the error in this case is non-constitutional. Although the Constitution requires proof beyond a reasonable doubt in *criminal* cases, Lavinder v. Commonwealth, 12 Va. App. 1003, 1007, 407 S.E.2d 910, 912 (1991) (*en banc*) (citing In re Winship, 397 U.S. 358, 364 (1970)), Code § 3.2-6569 is *civil* in nature, Settle v. Commonwealth, 55 Va. App. 212, 221, 685 S.E.2d 182, 186 (2009). "[T]he ordinary burden in civil actions [is] preponderance of the evidence." Wyatt v. McDermott, 283 Va. 685, 700, 725 S.E.2d 555, 563 (2012). Although the General Assembly has chosen to require proof beyond a reasonable doubt in proceedings under Code § 3.2-6569, it was not constitutionally required to do so. Therefore, application of the incorrect standard of proof in the instant case is non-constitutional error.

The standard of review for non-constitutional harmless error is well established.

> In Virginia, non-constitutional error is harmless "[w]hen it *plainly appears* from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678 (emphasis added). "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict.

Lavinder, 12 Va. App. at 1005-06, 407 S.E.2d at 911 (alteration in original).

We hold that, under this standard, the trial court's error in the case at bar was not harmless. We cannot say that it "plainly appears from the record" that the application of the incorrect standard of proof did not affect the verdict. See id.

Code § 3.2-6565 provides that certain officials may impound an animal pursuant to Code § 3.2-6569 when the official "finds that an apparent violation of this chapter has rendered an animal in such a condition as to constitute a direct and immediate threat to its life, safety or health that the owner or custodian has failed to remedy." Code § 3.2-6569(A) authorizes officials to "lawfully seize and impound any animal that has been abandoned, has been cruelly treated, or is suffering from an apparent violation of this chapter that has rendered the animal in such a condition as to constitute a direct and immediate threat to its life, safety or health."

The evidence against appellant in this case was underwhelming. While the evidence at trial established that appellant failed to confine Bellaluna and that Bellaluna was found in various public places off of appellant's property on several occasions, there is little in the record to support a finding beyond a reasonable doubt that appellant's actions constituted a direct and immediate threat to Bellaluna's life, safety or health. There is nothing in the record to indicate Bellaluna was ever injured or malnourished. Although King testified that he was concerned appellant's dogs would be shot, there was nothing in the record that indicated Bellaluna was actually at risk of being shot.

- 9 -

This opinion should not be read to condone the actions of a dog owner in allowing her animal to roam freely off of her property. However, it does not plainly appear from the record that the parties have had a fair trial on the merits and substantial justice has been reached. From the record before us, there is little proof of a direct and immediate threat to the animal's life, safety or health. As a result, it is not clear that the trial court would have found appellant in violation of Code §§ 3.2-6569 and -6500 had it applied the correct standard of proof beyond a reasonable doubt. [4]

While trial courts are in a unique position to judge whether the evidence in a case meets the applicable standard of proof, "[i]f the trier of fact is not informed of the proper standard of proof, the trier of fact cannot appropriately assess whether the party with the burden of proof has met the applicable risk of persuasion borne by that party." Richmond Dep't of Soc. Servs. v. Carter, 28 Va. App. 494, 497-98, 507 S.E.2d 87, 88 (1998).

As a result, we cannot say that the trial court's application of the incorrect burden of proof in this case was mere harmless error. Accordingly, we reverse and remand to the trial court for a new trial applying the appropriate standard of proof beyond a reasonable doubt, should the Commonwealth be so inclined.

Reversed and remanded.

---

[4] The circumstances outlined in this opinion and by the dissent may in all likelihood violate local ordinances prohibiting running at large or other "leash laws." See Code § 3.2-2538 (authorizing the governing body of any locality to prohibit the running at large of dogs, defined as roaming, running, or self-hunting off the property of its owner or custodian and not under its owner's or custodian's immediate control, or to require that dogs be confined, restricted, or penned up); Code § 3.2-6539 (authorizing the governing body of any locality to adopt ordinances requiring that dogs be kept on a leash or otherwise restrained). However, the circumstances with which we are presented in this case do not plainly violate Code §§ 3.2-6569 and -6500.

McCullough, J., concurring, in part, and dissenting, in part.

I concur with the majority's conclusion that the "approbate and reprobate" doctrine does not apply and that appellant timely preserved the points she presses on appeal. I further concur that the trial court erred in applying a preponderance of the evidence standard. I part company with the majority, however, with regard to the effect this error had on the trial. In light of the evidence presented, I conclude that this error was harmless.

The record establishes several facts beyond a reasonable doubt. First, appellant deeply loves her dogs. Second, she is adamant that these dogs should not be confined. She was convicted in Henrico County of letting the dogs run at large. She then moved to Warren County from Henrico County so that her dogs might have the "freedom to run." She refused to place Bellaluna on a dog run "because she wanted her to be able to run free." She left the door open so that "the dogs could come in and go out at will." Bellaluna frequently was seen roaming the neighborhood and beyond. Ordinarily, the mere fact that a dog temporarily is at large because it has, for example, slipped its leash, does not constitute a "direct and immediate threat to [the] life, safety or health" of the animal in violation of Code §§ 3.2-6569 and -6500. Here, however, the facts are established beyond a reasonable doubt that appellant allows Bellaluna to roam constantly, that the dog does not obey appellant when appellant calls her, and that appellant has no intention of confining her to a yard or pen. Therefore, Bellaluna was *constantly* exposed to the elements, including snow, attack by other animals, and danger from vehicular traffic. In view of the distinctive facts presented, the evidence established beyond a reasonable doubt that appellant was in violation of Code §§ 3.2-6569 and -6500.

I would conclude that "it *plainly appears* from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005-06, 407 S.E.2d 910, 911 (1991) (*en banc*).

Therefore, any error of the trial court in employing a preponderance of the evidence standard rather than a beyond a reasonable doubt standard was harmless on the facts of this case.